MICHELE EASTON *v.* EDGAR EASTON, JR.

HOUSE, C. J., COTTER, BOGDANSKI, LONGO and BARBER, Js.

452

Argued January 6—decision released February 22, 1977

*Katalin E. Roth,* for the appellant (plaintiff).
*Wilbur W. Dinegar,* for the appellee (defendant).

House, C. J. In April, 1974, the plaintiff brought the present action to modify the provisions of a decree entered by the Superior Court of California, county of San Diego, on October 20, 1972, dissolving the marriage of the parties. The decree provided for alimony payments by the defendant to the plaintiff in the amount of $100 per month until May 31, 1974, at which time the alimony payments were to be reduced to $1 per year and then to terminate altogether on May 31, 1976. It also awarded custody of the three minor children of the parties to the plaintiff and ordered support payments by the defendant in the amount of $100 per child per month, the payments to be made by government allotment. Both parties are now residents of Con-

necticut. The plaintiff at the time of trial was a full-time student at the University of Connecticut with one school year remaining before she earned her bachelor's degree. The defendant was an officer in the United States Marine Corps, stationed in Hartford.

After a hearing, the court found that the medical and dental needs and expenses of the children justified a modification of the California support decree and directed that in addition to the $100 monthly support for each child to be paid by government allotment the defendant should pay their reasonable medical and dental expenses not exceeding $15 a month for each child. It denied the plaintiff's claims for modification of the California alimony order, for an order with respect to payment of a claimed $90 arrearage in alimony payments, and for the costs incurred in bringing the present action aside from attorney's fees since free legal services were provided by the legal clinic of the University of Connecticut School of Law. From this judgment the plaintiff took the present appeal, assigning as error several conclusions of the court as unsupported by the finding of facts and the overruling of eight claims of law made by the plaintiff concerning the judgment to be rendered.

We find no merit to the first assignment of error. The finding of facts has not been attacked. Exercising the broad discretion which is vested in the trial court in such cases as this; *deCossy* v. *deCossy*, 172 Conn. 202, 204, 374 A.2d 182; *Aguire* v. *Aguire*, 171 Conn. 312, 314, 370 A.2d 948; *LaBella* v. *LaBella*, 134 Conn. 312, 318, 57 A.2d 627; the court could reasonably and logically reach the conclusions which it did. While it is obvious that

the plaintiff is hard pressed financially as a full-time student at the University of Connecticut, financing her education by means of scholarships, long-term federal loans and short-term work-study loans, it is also true that since the dissolution of the marriage the defendant's net monthly income from his military service after deductions for taxes and personal living expenses has decreased from $406.59 to $347.77 before deductions for support and alimony. While recognizing that the plaintiff's earning potential will increase upon receipt of a bachelor's degree, the court, nevertheless, concluded that she had failed to demonstrate a sufficient basis for modification of the California alimony decree and that her election to pursue a college education at a Connecticut institution of her choice, with consequent present inability to earn income, was not "chargeable" to the defendant and furnished no sufficient basis for disturbing the California alimony decree. Under all the circumstances which the court found to exist, we cannot hold that the court committed error in reaching the conclusions which it did.

The plaintiff's other assignment of error is that the court erred in overruling several of her claims of law. The court found that the plaintiff had made fifteen claims of law with respect to the judgment to be rendered. Whether the claims were properly made before argument in the trial court as required by § 223 of the Practice Book is questionable since one of them is that "[t]he court abused its discretion in denying costs and fees to the plaintiff, where it was shown that she could not afford them." Quite obviously, such a claim could be made only after a judgment the provisions of which the plaintiff could not know before closing her argument. Nevertheless, the court found that the fifteen claims of law

were made and further expressly "accepted" seven of them and overruled the remaining eight. The latter ruling is assigned as error.

Among the claims of law "accepted" by the court were the following: California law and Connecticut law on the question of modification of alimony and child support orders are similar in all essential respects; a California decree of dissolution of marriage is subject to modification by a Connecticut court to the extent that it is modifiable in California; after the dissolution of the marriage, the obligation to support minor children rests upon both parents according to their respective abilities; under California law, an order of child support may be modified when a material change occurs in the circumstances of one or both of the parties; and, under California law, an alimony order may be modified when a material change occurs in the circumstances of one or both of the parties.

The claims of law overruled by the court are, in general, broad statements of law already included in the scope of the accepted claims, inapplicable to the facts found by the court, or insufficient. For example, as we have noted, the court accepted the claim that under California law an alimony order may be modified when a material change occurs in the circumstances "of one or both of the parties." Nevertheless, the plaintiff claims that the court erred because in one instance it overruled a claim that such an order may be modified when a material change occurs "in the circumstances of the man," and also erred in overruling another claim that it may be modified when a material change occurs "in the circumstances of the woman." Quite obviously, neither of these separate overruled claims was a full or correct statement of the law, being in each

instance related only to the circumstances of a single sex. The correct and complete law was that accepted by the court—that modification may follow a material change in the circumstances "of one or both of the parties." Similar insufficient statements of claims of law were that under California law an order of child support may be modified when a material change occurs in the circumstances of the children and that a showing of a significant straitening in the circumstances of one party and of a significant increase in the income of the other party is sufficient to warrant a modification in favor of the less-advantaged party. In each instance, the stated reason standing alone is not a sufficient reason for modification. While they are both factors to be considered as part of the whole factual situation at the time of the court's decision, neither standing alone and without regard to all the other circumstances would justify the modification of a decree. The plaintiff's claim of law that "[u]nder both Connecticut and California laws, the education of a wife, considered in respect to future earning potential, is a factor to be examined in determining amount of alimony" could well have been considered by the court to be inapplicable in the present case in view of the court's findings as to the financial circumstances of the parties and the plaintiff's choice to attend a university in Connecticut although she was unable to transfer from California all the academic credits she had accumulated. In any event, it is clear from the court's finding that it did consider the continuing education of the wife as a factor in deciding whether the California alimony decree should be modified.

Unlike a jury case where the jury finds the facts and the court in its charge instructs the jury as to

what law is applicable to such facts as the jury may find from the evidence, in a court case it is the court which determines the issues of fact and applies the law to those facts, giving consideration to the claims of law made by counsel so far as they are applicable to the facts which the court finds. As this court observed in *C. & C. Electric Motor Co.* v. *D. Frisbie & Co.*, 66 Conn. 67, 79, 33 A. 604: "[I]t seems to us that it ought not to be held necessary for a trial court hearing and determining issues of fact, to pass upon all the claims of law made by counsel; to sort them out; to decide which are unsound, which inapplicable; and which are both correct and applicable so far as rules governing the court in reaching its decision, but exhausting themselves, the same as the evidence on which they are based, when that decision is reached. In either case, provided they do not have the effect sought by the party making them, whether because deemed incorrect, inapplicable, or insufficient, they may alike properly be said to be overruled. Upon appeal, what claims were made in the court below will appear; and if proper subjects for review, such claims will be there considered. But in the absence of any contrary indication in the record, the presumption ought to be that the court in drawing its conclusion of 'mixed law and fact,' was guided by correct principles in reference to that portion of the compound which is regarded as fact."

The foregoing comment with respect to the applicability to the particular case of a claim of law also applies to the overruled claim made by the plaintiff that "[t]he court may award costs of service and court fees to the plaintiff woman in a domestic relations proceeding." As an abstract principle of law, this statement is undoubtedly a correct one.

458

*Stoner* v. *Stoner*, 163 Conn. 345, 355, 307 A.2d 146; *Krasnow* v. *Krasnow*, 140 Conn. 254, 261, 99 A.2d 104. But, as those cases indicate, such an award is a matter of judicial discretion exercised in the light of the factual situation. Considering the facts which the court found, we cannot hold that it abused its discretion in refusing to make such an award in this case and, accordingly, in concluding that the abstract principle of law was inapplicable in the present case and, therefore, overruled.

There is no error.

In this opinion the other judges concurred.