## DIANE A. SCOVILLE *v.* HOMER G. SCOVILLE

LOISELLE, BOGDANSKI, SPEZIALE, PETERS and HEALEY, Js.

Argued October 4—decision released November 27, 1979

*Wesley W. Horton,* for the appellant (plaintiff).
*Gary O. Olson,* for the appellee (defendant).

SPEZIALE, J. The marriage of the plaintiff, Diane A. Scoville, and the defendant, Homer G. Scoville, was dissolved on July 12, 1976 (*Hon. John R. Thim,* state referee). The judgment included, inter alia, the following order regarding alimony: "The defendant shall pay the plaintiff alimony of $100.00 per week for a period of three years from the date of this memorandum. At the end of the three year period, the payment order of alimony shall terminate."

The sole issue on this appeal is whether that alimony order is modifiable.

In September of 1977, the plaintiff entered law school as a full-time student. On October 24, 1978, she filed a motion for modification of alimony seeking to have the duration of the alimony payments extended until she passes the bar examination. The plaintiff's motion for modification was denied by the court. The issue of whether there was a proper showing of a substantial change in circumstances to justify modification was not reached, the trial court having concluded that any change in circumstances was not relevant "since the alimony award . . . is one for a specific period of time and as such is an award of alimony in gross and not modifiable." The plaintiff has appealed to this court from the denial of her motion for modification of alimony and has raised only the issue of whether the original alimony order is modifiable.[1]

---

[1] The defendant has attempted to raise on appeal the issue of whether the alleged voluntary cessation of employment to become a full-time student constitutes a material change in circumstances justifying modification of the alimony order. This issue is not properly before us. No cross appeal was filed by the defendant; he merely assigned as error: (1) the refusal of the court below to find certain facts; and (2) the overruling of his claim of law that the denial of the plaintiff's motion for modification of alimony was predicated on the determination that voluntary leaving of one's employment does not constitute a material change in circumstances justifying a change in alimony.

The rules of the Supreme Court effective July 1, 1979 are not applicable to this appeal because the finding was filed prior to July 1, 1979. Practice Book, 1978, § 3166, as amended to take effect July 1, 1979. The plaintiff would be prejudiced by allowing the defendant now to assign as error the failure of the trial court to make a certain conclusion of law. *Rizzo* v. *Price,* 162 Conn. 504, 512–13, 294 A.2d 541 (1972).

" 'Practice Book [§ 3027] requires the trial court to set forth in its finding such facts as may be "necessary to present the questions

Periodic alimony is indefinite as to amount or duration. Section 46b-86 of the General Statutes provides in relevant part: "(a) *Unless and to the extent* that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party." (Emphasis added.) This statute authorizes the modification of periodic alimony for the future; *Sanchione* v. *Sanchione,* 173 Conn. 397, 404, 378 A.2d 522 (1977); it also suggests a legislative preference favoring the modifiability of orders for periodic alimony. According to the statutory language, the decree itself must preclude modification for this relief to be unavailable.

Lump sum alimony, unlike periodic alimony, is a final judgment which cannot be modified even should there be a substantial change in circum-

---

which the appellant desires reviewed." The court is not expected, much less required, to speculate as to what issues the appellees might also wish to have reviewed incident to the appellant's appeal. . . . [A]n appellant in such circumstances is not adequately protected by the right to file a reply brief . . . .' " Id., 512.

The *Rizzo* court continued: "[T]he appellee did not assign as error the court's erroneous conclusion of law, but rather, the court's failure to make certain conclusions. This situation is clearly prejudicial to the appellant. . . . [U]nder Connecticut procedure if the appellee's counter finding carries indications that he is trying to insert extraneous issues in the appeal, the appellant is given no opportunity to file a 'counter counter finding.' The appellant is prevented from presenting facts bearing on the court's failure to arrive at particular conclusions. The appellant, having had no opportunity to introduce facts into the finding which would support the court's action, the failure to file a cross appeal is prejudicial and fatal." Id., 513; see also *Duksa* v. *Middletown,* 173 Conn. 124, 129-30, 376 A.2d 1099 (1977).

stances. General Statutes § 46b-86; *Sanchione* v. *Sanchione,* supra, 404n, *Viglione* v. *Viglione,* 171 Conn. 213, 215, 368 A.2d 202 (1976). This is true even if the lump sum alimony is a specific amount of money payable in installments. *Viglione* v. *Viglione,* supra, 216; see also Clark, Law of Domestic Relations § 14.12, pp. 483–84 (discussion of the Internal Revenue Code distinction between periodic and lump sum alimony); annot., 71 A.L.R. 723, 730–34; 127 A.L.R. 735, 743–44.

We are confronted here with an ambiguous order regarding alimony. This court has treated as modifiable alimony orders with similar ambiguities. *Easton* v. *Easton,* 172 Conn. 451, 374 A.2d 1090 (1977); *Lasprogato* v. *Lasprogato,* 127 Conn. 510, 18 A.2d 353 (1941). We conclude that in that part of the instant order stating "[a]t the end of the three year period, the payment order of alimony shall terminate," it is implicit that during that period there be no intervening material change in circumstances warranting modification. Even the defendant in his brief states that he does not contend that the original alimony order is nonmodifiable in all respects; his position is that an extension of alimony beyond the three-year period is what is barred.[2] Our interpretation does not render superfluous the second sentence of the alimony order. Rather, we view that sentence as placing a time limitation on the alimony payments should no intervening material change in circumstances occur prior thereto. The trial court should have reached and decided the issue of whether there was a substantial change in circumstances justifying modification of the alimony order.

---

[2] Defendant's brief 9; A 712 Rec. & Briefs, pos. 2.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion LOISELLE, BOGDANSKI and PETERS, Js., concurred.

ARTHUR H. HEALEY, J. (dissenting). I cannot agree with the majority's conclusion that "[w]e are confronted here with an ambiguous order regarding alimony."[1] While I do agree that this order clearly permits a modification in amount in the event that a material change in circumstances intervenes within three years of the date of the order, I cannot agree that the order may be modified so as to extend alimony payments beyond its three-year life.

Section 46b-86 (a) of the General Statutes provides in pertinent part: *"Unless and to the extent that the decree precludes modification,* any final order for the periodic payment of permanent alimony . . . may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party." (Emphasis added.) In my view,

---

[1] The majority relies upon two cases, *Easton* v. *Easton,* 172 Conn. 451, 374 A.2d 1090 (1977), and *Lasprogato* v. *Lasprogato,* 127 Conn. 510, 18 A.2d 353 (1941), for the proposition that when faced with "similar ambiguities" in alimony orders this court has construed the orders as modifiable. My examination of those cases reveals, however, that in neither was this court faced with the applicability of General Statutes § 46b-86 (a). *Lasprogato,* which antedated the enactment of § 46b-86 (a), was decided under then General Statutes § 5182, which provided: "Any order for the payment of alimony from income may, at any time thereafter, be set aside or altered by such court." *Lasprogato* v. *Lasprogato,* supra, 514. *Easton* concerned the modifiability of an award of alimony under California law. *Easton* v. *Easton,* supra, 453.

the language of the referee's decree precludes modification that would extend alimony beyond three years.

The order in issue, which is part of the decree, reads as follows: "The defendant shall pay the plaintiff alimony of $100.00 per week for a *period of three years from the date of this memorandum. At the end of the three year period, the payment order of alimony shall terminate.*" (Emphasis added.) "A judgment is to be construed like other written instruments. The determinative factor is the intention of the court as gathered from all parts of the judgment. Effect must be given to that which is clearly implied as well as to that which is expressed." *Cooper* v. *Cooper,* 158 N.W.2d 712, 713 (Iowa 1968), quoting *Whittier* v. *Whittier,* 237 Iowa 655, 663, 23 N.W.2d 435 (1946). The same rules of interpretation apply in ascertaining the meaning of a judgment as in ascertaining the meaning of every other writing. *Lesh* v. *Lesh,* 8 Cal. App. 3d 883, 890, 87 Cal. Rptr. 632 (1970). In interpreting a decree, particularly one issued in a divorce proceeding, the important object is to carry out the purpose and intent of the court that issued it. *Pope* v. *Pope,* 7 Ill. App. 3d 935, 937, 289 N.E.2d 9 (1972). The language of an order must be given its ordinary meaning unless a technical or special meaning is clearly intended. Cf. *Perruccio* v. *Allen,* 156 Conn. 282, 285, 240 A.2d 912 (1968) (construing language of contract); General Statutes § 1-1 (a) (construing language of statutes).

The referee ordered the defendant to pay weekly alimony in the amount of $100 "for a period of three years from the date of this memorandum." He then stated: "At the end of the three year period, the

payment order of alimony shall terminate." The three-year limitation of the order is clear; it is mentioned not once, but twice. Moreover, the language "shall terminate" is mandatory, as opposed to permissive. See *Akin* v. *Norwalk,* 163 Conn. 68, 74, 301 A.2d 258 (1972). "Terminate," we have said, means to "come to a limit in time; to end." *Merchants Bank & Trust Co.* v. *New Canaan Historical Society,* 133 Conn. 706, 714, 54 A.2d 696 (1947); Webster, Third New International Dictionary. The plain language of the order clearly demonstrates that the referee intended that alimony terminate at the end of three years. Thus, to that extent, the decree precluded modification.