JUSTIN H. KIMBALL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kimball v. Commissioner
Docket Nos. 31042-84; 39125-84.
United States Tax Court
T.C. Memo 1987-462; 1987 Tax Ct. Memo LEXIS 458; 54 T.C.M. (CCH) 513; T.C.M. (RIA) 87462; September 15, 1987; REVERSED AND REMANDED August 2, 1988 Jerome Rosenblum, for the petitioner. Joseph F. Long, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge:* Respondent determined deficiencies in petitioner's Federal income tax in the amount of $ 5,360 for 1980 and $ 10,087.70 for 1981. The sole issue is whether petitioner is entitled to alimony deductions pursuant to section 215. [1]
These consolidated cases were submitted fully stipulated. The stipulated facts are found accordingly. The stipulation and exhibits attached thereto are incorporated herein by reference. Petitioner resided in Old Greenwich, Connecticut, *460 at the time he filed the petitioners herein and filed tax returns for the years in issue with the Andover Internal Revenue Service Center, Andover, Massachusetts. Petitioner was divorced from his former wife, Barbara Dutcher Kimball, by a May 22, 1980, judgment of the Superior Court of the State of Connecticut, Fairfield County (the "1980 judgment"). The relevant portion of the 1980 judgment provided as follows: 2. It is hereby adjudged and decreed that the defendant husband will pay to the plaintiff wife alimony in the amount of Eighteen Thousand ($ 18,000.00) Dollars per year (One Thousand Five Hundred [$ 1,500.00] Dollars per month) for six (6) years. 3. It is hereby adjudged and decreed that there shall be no motion to reduce the alimony based upon material change in circumstances for a period of three (3) years from the date of this judgment. 4. It is hereby adjudged and decreed that either party may move to modify the alimony provided for in this judgment in the last three (3) years based upon a material change in circumstances. Pursuant to the 1980 judgment, petitioner paid his former wife $ 10,500 during 1980 and $ 19,930 during 1981. Petitioner deducted these *461 amounts as alimony under section 215. In notices of deficiency sent to petitioner, respondent determined that such deductions were not allowable. [2]
During the years in issue, section 215(a) allowed a husband a deduction equal of his wife, payment of which is made within the husband's taxable year. [3] Section 71(a) provided that the gross income of a wife includes "periodic payments" received by a wife from her divorced or legally separated husband pursuant to a decree of divorce or separate maintenance which is imposed because of the marital or family relationship. Section 71(c) provided that "periodic payments" did not include installment payments required to be made in 10 years or less to discharge a specified principal sum. Where a judgment requires payments of a fixed monthly amount for a fixed *462 period, the principal sum is "specified" within the meaning of section 71(c) because it can simply be determined by multiplication. Kent v. Commissioner,61 T.C. 133, 136 (1973), and cases cited therein.
Petitioner was required to pay to his former wife $ 1,500 per month for 72 months. Under Kent v. Commissioner, supra, petitioner was required to pay a "specified" principal sum. Since the period of payment was less than 10 years, the payments would not qualify as "periodic payments" under sec. 71(c), would not be includible in petitioner's former wife's gross income under sec. 71(a) because not "periodic payments", and would not be deductible by petitioner under sec. 215(a) because not includible in his former wife's gross income. However, section 1.71-1(d)(3)(i), Income Tax Regs., provides that where payments are to be made over a period of 10 years or less, such payments are deemed not made to discharge a specified principal sum if the following two requirements are met: *463 (a) Such payments are subject to any one or more of the contingencies of death of either spouse, remarriage of the wife, or change in the economic status of either spouse, and (b) Such payments are in the nature of alimony or an allowance for support.
Payments which meet the requirements of section 1.71-1(d)(3)(i), Income Tax Regs., are "periodic payments," Bernard v. Commissioner,87 T.C. 1029, 1034 (1986), are includible in the wife's gross income, sec. 71(a), and are deductible by the husband, sec. 215(a). Respondent has conceded that the payments made by petitioner are in the nature of alimony or an allowance for support. Respondent contends, however, that the payments made by petitioner during the years in issue were not subject to any of the contingencies listed in section 1.71-1(d)(3)(i)(a), Income Tax Regs., as a result of the 1980 judgment which precludes reduction of alimony for three years based upon a material change in circumstances. Since the nature of petitioner's and petitioner's former wife's legal rights with respect to the payments made by petitioner is a matter of state law, Hoffman v. Commissioner,54 T.C. 1607, 1611 (1970), *464 affd. per curiam 455 F.2d 161 (7th Cir. 1972), we look to Connecticut State law [4] to determine if such payments were contingent on the "death of either spouse, remarriage of the wife, or change in the economic status of either spouse." See sec. 1.71-1(d)(3)(i)(a), Income Tax Regs.
Connecticut has no statutory provision which makes the payment of periodic alimony specifically contingent on the "death of either spouse, remarriage of the wife, or change in economic status of either spouse." However, under Connecticut law a judgment or order for the periodic payment of alimony may be modified upon a showing of a "substantial change in the circumstances of either party [to the divorce]," Conn. Gen. Stat. Ann. sec. 46b-86(a) (West 1986), [5] and a "substantial change in the circumstances of either party [to the divorce]" has been held by Connecticut courts to encompass the specific types of contingencies listed in section 1.71-1(d)(3)(i)(a), Income Tax Regs. See *465 McCann v. McCann,191 Conn. 447-, 464 A.2d 825 (1983) (increased earnings of former husband constituted substantial change in circumstances justifying modification and death of former wife strongly implied by court to be substantial change in circumstances justifying modification); Viglione v. Viglione,171 Conn. 213, 368 A.2d 202 (1976) (remarriage by former wife constituted substantial change in circumstances justifying modification); and Harrison v. Union and New Haven Trust Co.,147 Conn. 435, 162 A.2d 182 (1960) (death of former husband constituted substantial change in circumstances justifying modification). *466 The text of Conn. Gen. Stat. Ann. sec. 46b-86(a) (West 1986), makes it clear that if the decree so directs, modification of periodic payments is not permitted. [6] We will examine the 1980 judgment under Connecticut State law to determine whether it is modifiable and, if so, whether the situations in which it is modifiable made petitioner's payments contingent within the meaning of section 1.71-1(d)(3)(i)(a), Income Tax Regs.
In Scoville v. Scoville,179 Conn. 277, 426 A.2d 271, 273 (1979), the Connecticut Supreme Court stated that Conn. Gen. Stat. Ann. sec. 46b-86(a) (West 1986) requires that "the decree itself must preclude *467 modification for this relief to be unavailable." In Cummock v. Cummock,180 Conn. 218, 429 A.2d 474, 475 (1980), the Connecticut Supreme Court stated "[a]lthough legislation permits divorce decree to preclude modification of periodic alimony, such interpretation is not favored, and ambiguous orders of periodic alimony are treated as modifiable." The 1980 judgment does by its own terms preclude reduction in alimony for a period of three years. Though we realize that an interpretation of a judgment to preclude modification of alimony is not favored, the 1980 judgment is subject to no other interpretation. Its relevant provisions are free from ambiguity. We hold that under Connecticut law, the judgment under consideration may not be modified to reduce periodic alimony payments. Petitioner argues that "material change in circumstances" as used in the 1980 judgment should be interepreted to mean "a change of financial circumstances." (Emphasis added.) The language of the 1980 judgment closely tracks the language of Conn. Gen. Stat. Ann. 46b-86(a) (West 1986), substituting "material" for "substantial." We do not consider this slight *468 deviation from the statutory language to be material or substantial, as we consider "material" and "substantial" to be synonymous in the context in which they are used. "Substantial change in circumstances" has been interpreted by Connecticut courts to encompass a substantial change in economic circumstances, as well as a change in marital status and a change in form of existence. See McCann v. McCann, supra (change in economic circumstances); Viglione v. Viglione, supra (change in marital status); and Harrison v. Union and New Haven Trust Co., supra (death). Accordingly, petitioner's argument that a "material change in circumstances" encompasses only economic circumstances must be rejected. We have held that the 1980 judgment may not be modified to reduce periodic alimony payments. However, there is no proscription in the 1980 judgment to prevent modification to increase periodic alimony. Since preclusion of modification to increase alimony is not contained in the decree itself, the 1980 jugdment does not preclude modification to increase alimony. Scoville v. Scoville,426 A.2d at 273. See also Lilley v. Lilley,6 Conn. App. 253, 504 A.2d 563, 565 (1986). *469 ("We may look only to the dissolution decree itself when determining whether its provision for periodic alimony is modifiable.") Had petitioner, for example, experienced a substantial increase in income during the three-year period following the date of the 1980 judgment, the judgment could have been modified to increase the amount of periodic alimony payments he was required to make. See McCann v. McCann, supra.
Petitioner's periodic alimony payments could not be decreased but could be increased as a result of a positive change in his economic status. A contingency existed as to whether petitioner might be required to pay more than the $ 1,500 per month specified in the 1980 judgment. However, no contingency existed as to the requirement that he pay the $ 1,500 per month. Petitioner does not here seek a deduction for the contingent payments in excess of $ 1,500, which contingency never arose and which payments were never made. Rather, petitioner seeks a deduction for the non-contingent $ 1,500 per month actually paid. These payments were not subject to any contingency listed in section 1.71-1(d)(3)(i)(a), Income Tax Regs. Accordingly, the payments are not periodic *470 payments, but are rather installment payments required to be made in 10 years or less to discharge a specified principal sum. See sec. 71(c) and Kent v. Commissioner,61 T.C. 133, 136 (1973). Such payments are not "periodic payments," sec. 71(c), are not includible in petitioner's former wife's gross income, sec. 71(a), and are not deductible by petitioner, sec. 215(a). [7]
To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
*. By order of the Chief Judge, this case was reassigned to Judge Fay↩ for disposition. 1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Respondent also disallowed a portion of petitioner's claimed medical deductions. During the years at issue, medical expenses were deductible to the extent they exceeded a percentage of the taxpayer's adjusted gross income. The disallowance of petitioner's alimony deductions increased petitioner's adjusted gross income and decreased petitioner's allowable medical deduction. ↩
3. Sections 71 and 215 have been amended by the Tax Reform Act of 1984, Pub. L. 98-369, sec. 422, 98 Stat. 494, 795-799. Our decision is unaffected by these amendments. ↩
4. The record does not reveal that petitioner and his wife had contacts with any state other than Connecticut and the parties have argued this case utilizing Connecticut State law. ↩
5. A judgment or order for the periodic payment of alimony may also be modified pursuant to Conn. Gen. Stat. Ann. sec. 46b-86(b) (West 1986) (cohabitation by the recipient of alimony), and Conn. Gen. Stat. Ann. 46b-86(c) (West 1986) (receipt of certain benefits and invocation of certain procedures provided by 42 U.S.C. secs. 601 et seq., 651 et seq., and 670 et seq. (1982)). The basis for modification pursuant to Conn. Gen. Stat. Ann. secs. 46b-86(b) and (c) (West 1986) does not encompass the types of contingencies listed in section 1.71-1(d)(3)(i)(a), Income Tax Regs. Accordingly, Conn. Gen. Stat. Ann. secs. 46b-86(b) and (c)↩ (West 1986), are not relevant to our present inquiry. 6. The text of Conn. Gen. Stat. Ann. sec. 46b-86(a) (West 1986), provides in relevant part as follows: Unless and to the extent that the decree precludes modification,↩ any final order for the periodic payment of permanent alimony or support or alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party. * * * [Emphasis added.] 7. Our opinion is limited to the alimony payments made during the years in issue. All such payments were made during the period in which modification to reduce alimony for a material change in circumstances was precluded. We do not now express an opinion with respect to payments made subsequent to the close of this period. ↩