[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR MODIFICATION
The plaintiff has moved for a modification of an unallocated alimony and support order originally entered on December 18, 1979 in the judgment of the court. That order was modified and increased to $225.00 per week on November 19, 1984. The last minor child, issue of this marriage reached her 18th birthday on February 6, 1991. That child issue of this marriage remains in high school and living with the plaintiff, her mother. There was also another child, issue of this marriage, he is presently 22 years of age, and living within his mother's home. CT Page 1949
The defendant claims that the order of unallocated alimony and support was specifically to terminate upon the majority of both children.
The plaintiff argues that under the holding of Scoville v. Scoville,179 Conn. 277, that the court can modify and extend this unallocated alimony award, based on a substantial change in circumstances. The plaintiff claims that the residence of the child during her high school education along with the present financial circumstances of the parties constitutes a substantial change in circumstances.
The court has reviewed the financial affidavits filed throughout this proceeding and finds that there is a substantial change in circumstances in that the defendant has accumulated significant assets since the time of the divorce and presently shows assets of $220,000 with no liabilities. The defendant on the other hand has maintained the marital home after re-mortgaging it to pay the plaintiff the sum due pursuant to the judgment but has not been able to accumulate any other assets and in fact has at this time a negative cash flow picture.
Of specific concern to the court is the mother's continued support of the child who remains in high school and at least a moral compunction to continue to assist the other child, issue of this marriage.
For the reasons stated, the court will award periodic alimony to continue and modify the original periodic award. Defendant shall pay to the plaintiff as periodic alimony the sum of $125.00 per week. The court believes that the award should be reviewed as each child becomes emancipated and in so modifying the award recommends that the plaintiff also seek some compensation from her twenty-two year old son as he continues to reside in the marital home. The award of periodic alimony is to assist the plaintiff as she maintains a home for the daughter of the parties, who has reached her majority but who has not yet completed high school and in fact may be assisted by the defendant in a college program.
The court will indicate that both parties to this action have met their obligations to one another and to the court and the purpose of this court's order is to continue to provide a family home for the children issue of this marriage.
Judgment may enter accordingly.
DRANGINIS, J.