[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 20, 1995, the defendant filed a motion for modification of the dissolution judgment entered on March 14, 1995 seeking to terminate alimony on the grounds that plaintiff has remarried. On January 19, 1996, the plaintiff filed a motion for contempt asserting that the defendant has failed to comply with the court orders for payment of alimony. On January 29, 1996, the court held a hearing on both motions.
The plaintiff remarried on August 6, 1995. The defendant claims that the remarriage constitutes a substantial change in circumstances that warrants terminating alimony payments to the plaintiff.
On March 8, 1995, the trial court, McWeeney, J., issued a memorandum of decision after a contested hearing which stated in part that "the defendant is ordered to pay to the plaintiff alimony until the youngest child reaches the age of eighteen at the rate of $200 per week." The decision further stated that "the defendant is ordered, as further support obligation to the plaintiff, to pay and maintain in effect the existing car lease for the car which plaintiff is currently using."
The plaintiff asserts that the alimony is not modifiable because it constitutes a lump sum award and because the court intended that it be nonmodifiable. Both claims lack merit.
The trial court's judgment indicates that the $200 weekly payment ordered by the court is not lump sum alimony. The weekly order constitutes periodic alimony because it is indefinite as to amount. Unlike lump sum alimony, it is not an award of a specific amount of money. See Scoville v. Scoville, 179 Conn. 277, 279-280
CT Page 1286-N (1979). This conclusion is buttressed by the fact that the trial court in language immediately following the alimony award of $200 per week ordered the defendant to pay the plaintiff the sum of $25,000 as support. It is apparent that the trial court was exercising its discretion to award both periodic alimony of $200 weekly and lump sum alimony of $25,000. See Eldredge v. Eldredge,4 Conn. App. 489, 492 (1985).
The periodic alimony amount of $200 weekly is modifiable. Connecticut General Statutes § 46b-86(a) provides that "unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support. . . may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change of circumstances of either party. . ." For periodic alimony to be nonmodifiable the divorce decree must clearly and unambiguously state its intent that its award of alimony is not modifiable. If the decree's language is ambiguous, the order will be held to be modifiable. Rau v. Rau, 37 Conn. App. 209, 212
(1995). See also Scoville v. Scoville, supra, 179 Conn. at 279.
The dissolution judgment in this case is devoid of any language declaring its periodic alimony order nonmodifiable. "The decree must express distinctly and unambiguously that its order for periodic alimony is not modifiable for the statutory discretion allowing change to be overcome." Lilley v. Lilley,6 Conn. App. 253, 256 (1986).
The periodic alimony award in this case is modifiable upon a showing of a substantial change in circumstances of either party. Connecticut General statutes § 46b-86(a). The plaintiff remarried on August 6, 1995. Her remarriage constitutes a substantial change in circumstances justifying a termination of her alimony payments. Viglione v. Viglione, 171 Conn. 213, 215
(1976) and Carey v. Carey, 112 Conn. 256 (1930).
"The original decree or any subsequent order is an adjudication by the trial court as to what is right and proper at the time it is entered. To obtain a modification, moving party must demonstrate that circumstances have changed since the last court order such that it would be unjust or inequitable to hold either party to it." Borkowski v. Borkowski, 228 Conn. 729,737-738 (1994). The remarriage of the plaintiff has so changed the situation of the parties that it would be inequitable to continue the defendant's duty to support the plaintiff. CT Page 1286-O
Accordingly, the defendant's motion to modify is granted. The defendant's duty to pay alimony of $200 per week and to pay and maintain the existing car lease are hereby terminated.
In his memorandum of law in support of his motion for modification, the defendant asserts that alimony should be terminated effective upon the date of the plaintiff's remarriage. His position is mistaken.
The dissolution decree in this case does not expressly state that alimony terminates upon the plaintiff's remarriage. If it did, alimony would automatically cease as of that date. SeeMilhalyak v. Milhalyak, 30 Conn. App. 516 (1993).
Unlike the situations in Milhalyak, the defendant is moving to modify the divorce judgment pursuant to C.G.S. § 46b-86(a) based upon a substantial change in circumstances. In accordance with this statute, "no order for periodic payment of permanent alimony or support may be subject to retroactive modification, except that the court may order modification with respect to any period during which there is a pending motion for modification of an alimony or support order from the date of service of notice of such pending motion upon the opposing party pursuant to section 52-50." Alimony not be modified retroactively except pursuant to C.G.S. § 46b-86. Shedrick v. Shedrick, 32 Conn. App. 147
(1993). No notice of the motion for modification was served upon the plaintiff pursuant to section 52-50.
In light of the above, the periodic alimony of $200 per week is terminated as of the date of the hearing on the motion for modification held January 29, 1996. The defendant stopped paying any alimony as of August 7, 1995. Therefore, an arrearage exists of $5,000. The financial affidavit filed by the defendant indicates that he has sufficient cash on hand to pay the arrearage in full. He is ordered to pay the $5,000 arrearage within two weeks of the date of this decision.
The plaintiff asks the court to find the defendant in contempt because he unilaterally ceased making periodic alimony payments and paying the existing car lease immediately after the plaintiff's marriage. The parties stipulated that the defendant stopped making periodic alimony payments after he learned of the plaintiff's remarriage. He also ceased maintaining the existing car lease at the same time. CT Page 1286-P
The motion for contempt is denied because the court does not find that the actions of the defendant constitute wilful defiance of the court's orders. A reasonable explanation existed for his failure to comply. He believed that he was no longer obligated to pay alimony because of the plaintiff's remarriage. He also believed he was not obligated to continue the existing car lease because the car had been rendered inoperable in an accident involving the plaintiff. "The fact that the order had not been complied with fully . . . does not dictate that a finding of contempt must enter. It is within the sound discretion of the court to deny a claim for contempt when there is an adequate factual basis to explain the failure to honor the court's order."Marcil v. Marcil, 4 Conn. App. 403, 405 (1985).
By the court
Jon M. Alander, Judge