[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DE: THE PLAINTIFF'S MOTION TO MODIFY AND OTHERRELIEF (#124)
The parties' marriage was dissolved by decree entered on September 21, 1990, at which time the parties' separation agreement was presented to the court (Coppeto, J.) who found that
"The parties have entered into an extensive settlement providing for a division of their properties and alimony and child support. Counsel has highlighted the agreement in court in the presence of both parties. The court makes a finding that it is a fair and equitable agreement. The court will approve the agreement and incorporate the entire agreement by reference into the file and the court will also approve the preliminary allocation proposal dated September 13th, 1990, which consists of six yellow pages and, it's the agreement with respect to the division of the personal property in the home. That's also approved and that's also incorporated and made a part of the record."
Article III Alimony and Child Support provided for an unallocated order for five years, commencing on October 1, 1990 and ending with the last payment due on September 1, 1995. The article then provided:
 The payments provided for herein are non-modifiable by the wife under any circumstances and shall cease with no exceptions on the last date provided for."
The final paragraph under Article III provided
"3.4 It is expressly agreed by and between the parties that at the termination of alimony payments as provided for hereunder, the parties will negotiate a reasonable child support payment for their son, Everett, and in the event that they are unable to do so, the matter will be submitted to the Superior Court for resolution."
By motion dated July 19, 1995 the plaintiff has moved to modify alimony and child support, alleging several reasons.
The first issue to be decided is whether this court has jurisdiction to entertain the plaintiff's motion.
Section 46-54, which has its origin in Public Act 73-373, Section 23, provided:
 "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of CT Page 2247 permanent alimony or support . . .
The plaintiff's counsel conducted a canvass of the plaintiff concerning the alimony limitations. The court then found the agreement to be fair and equitable, approved it, and then incorporated the entire agreement by reference into the file. The judgment file makes explicit reference to Connecticut General statutes § 46b-66 directing incorporation by reference into the decree.
Scoville v. Scoville, 179 Conn. 277, at p. 279 (1979) acknowledges that
 "According to the statutory language, the decree itself must preclude modification for this relief to be unavailable."
That case then found that it was implicit that an intervening material change in circumstances could be found to warrant modification despite the termination date in the order.
The present case can be distinguished since its language expressly states that the unallocated payments are nonmodifiable by the wife "under any circumstances" with "no exceptions". This language removes any implicit interpretation.
The following year the Supreme Court considered the award of one dollar per year periodic alimony in Ridgeway v. Ridgeway,180 Conn. 533 at p. 543
 "We do point out that because some alimony was awarded, with no preclusion of modification, if the circumstances warrant, a change in the award can be obtained at some future time.'s (citations omitted)
In the present case the plaintiff could have held the issue open by bargaining for one dollar per year periodic alimony to commence on October 1, 1995.
Rau v. Rau, 37 Conn. App. 209, 212 held that only the dissolution decree itself may be used to determine if the periodic alimony award is nonmodifiable, stating the preclusion must be clear and unambiguous. In that case the payor relied on "alimony terminates after ninety-six weeks". It was not enough to prevent modification being considered. CT Page 2248
As pointed out above, the language in the agreement, being part of the decree, is clear that the unallocated order is nonmodifiable "under any circumstances" "with no exceptions".
The language used in the present case is clear and unambiguous, Barnard v. Barnard, 214 Conn. 99, 110, and will be given effect as written. The court concludes that the unallocated order in this case has expired, is not subject to any extension, and is not subject to reconsideration based on any alleged change of circumstances.
The plaintiff's counsel, in canvassing the plaintiff at the final hearing asked
"Q. With regard to modification of alimony under those terms and conditions, you have agreed that you are precluded from asking for an increase in alimony or unallocated alimony and support for any reason whatsoever or an extension of time for support, so that you understand that that's the maximum you can receive for the maximum period of time?
A. Yes.
Q. At the conclusion of alimony, you and your husband will negotiate the proper payment of child support based on all the financial circumstances at the time?
A. Yes.
Q. In the event you are unable to decide on the proper amount of child support at that point in time, then that would be an issue that a court of competent jurisdiction would have to determine."
This court declines to conduct a hearing on plaintiff's motion regarding her request for modification of alimony founded on an alleged change in circumstances.
HARRIGAN, J.