[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife, 39 (d.o.b. 5/25/57), whose birth name was Dale, and the defendant husband (d.o.b. 8/21/56) married on June 20, 1981 in Montclair, New Jersey. Two children have been born to the plaintiff, issue of the marriage, Madison, born on March 17, 1987 and Chelsea, born on November 1, 1989. The court finds CT Page 4446 jurisdiction based on the parties' continuous residence in Connecticut for the past twelve years. Both parties enjoy good health. Both are college graduates. Neither party brought any substantial assets to the marriage.
At the time of the marriage, the plaintiff, who had worked for an advertising agency in Boston prior to the marriage, became employed as an account executive in an advertising agency in New York City where she remained until the birth of the older child. She has not since worked outside the home.
The defendant has been employed as a bond broker in New York City throughout the marriage, currently receiving $150,000.00 salary annually with earned bonus of about $100,000.00 on a yearly basis. The court notes that the defendant had earned substantially more in 1992 and 1993 but finds no evidence to indicate that the defendant is "stacking" or otherwise is intentionally underemployed, cf. Miller v. Miller, 181 Conn. 610.
With the help of $5,000.00 received from each family the parties purchased their first home which they sold within two years. With the proceeds the parties purchased their first Darien home which they repaired and sold eight months later, realizing a profit. They purchased their next home which they sold, again realizing a profit. The marital residence located at 39 Old Farm Road, Darien now is under contract for $1,000,000.00. The parties received the 10% deposit which they divided enabling each to contract for a home in Darien. The parties plan to divide their assets equally and the court approves. The parties filed a stipulation dated April 1, 1996 regarding the marital home sale as well as their respective use of the equity line. This stipulation shall survive entry of judgment in order for it to be fully executed. After all adjustments, satisfaction of mortgages and closing costs the equal division of the net proceeds is found to be fair.
The primary cause of the marriage breakdown was the plaintiff's behavior during the 1990's prior to the start of her suit for dissolution. Her affaire de coeur resulted in her vacating the bedroom. The plaintiff and the two children moved to a rental in February, 1995.
The parties have also agreed on joint custody. A written parenting plan was filed, approved and so ordered by the court on January 29, 1996 as to paragraphs 1 through 7, and is on file as CT Page 4447 computer document (122).
The parties have no unsecured debt other than a joint debt of $11,000.00 due the defendant's mother and their respective litigation expenses.
Having reviewed the evidence in light of the statutes, in particular § 46b-81, § 46b-82 and § 46b-84, and applicable case law, the court enters the following judgment.
1. A decree is entered dissolving the marriage on the ground of irretrievable breakdown and each party is declared to be unmarried.
2. Joint custody of the minors is ordered including the parenting plan contained in paragraphs 1 through 7 of their plan, computer document (122).
3. The April 1, 1996 stipulation shall be adhered to and the net proceeds from the sale of 39 Old Farm Road, Darien shall be divided equally between the parties.
4. The defendant shall pay to the plaintiff as unallocated alimony and child support the sum of $6,000.00 monthly commencing on July 1, 1996. The term of this order is limited to seven years, and shall not be extended despite any claim of change of circumstances. It is the intention of the court to bar a Scovillev. Scoville, 179 Conn. 277 or a Ran v. Ran, 37 Conn. App. 209
hearing six or seven years hence. The order is subject to modification during the term based on § 46b-86(a) or (b). The order shall terminate on the death of either party, the remarriage of the plaintiff, or further court order. A contingent wage withholding order is entered.
5. The defendant shall continue to maintain health insurance coverage for the children as available through his employer. The parties shall equally divide any uninsured deductibles or bill balances. The provisions of § 46b-84(d) apply.
6. The defendant shall continue to maintain $300,000.00 face value life insurance on his life with the two children as primary beneficiaries for so long as he is obliged to pay child support. He shall produce proof of coverage to the plaintiff at least annually. CT Page 4448
7. There is bonus money in escrow pursuant to court order which is ordered released as follows. The defendant's mother's debt shall be satisfied from said fund. Next, the plaintiff is allowed $5,000.00 as an allowance to prosecute to be paid from said fund. The balance shall be divided equally between the parties. The IRS refund shall be divided equally.
8. The remaining assets of each party as now owned or possessed shall remain as that party's sole property. The court makes no order regarding the Boston Whaler boat at this time. Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, JUDGE.