[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DE: DEFENDANT'S MOTION FOR MODIFICATION)
The defendant has moved to terminate the alimony order based on the plaintiff's living together with her present husband and on the additional basis of her remarriage to him, relying on §46b-86(b) C.G.S.
The order in question states:
 "The defendant's obligation to pay said periodic alimony to the plaintiff shall continue for 24 months non-modifiable as to amount for any reason except for the death of either party."
 179 Conn. 277, Scoville v. Scoville, at 279, observes that § 46b-86
 ". . . suggests a legislative preference favoring the modifiability of orders for periodic alimony."
The case then points out that lump sum alimony cannot be modified even if payable in installments. The undersigned did not order lump sum alimony in this case.
During the 24 months CT Page 5252-PPP
 ". . . it is implicit that during that period there be no intervening material change in circumstances warranting modification." Id., 280.
To interpret the order as the plaintiff urges would make the phrase "as to amount" superfluous.
The defendant's motion to terminate alimony is granted, such termination shall be effective as of June 24, 1996 as stipulated.
HARRIGAN, JUDGE