[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife, 49, whose birth name is Bratsenis and the defendant husband, 45, married on December 23, 1978. There are no minor children of the marriage.
The plaintiff has been employed throughout the marriage, currently as Administrative Assistant to the Vice-President of Daymon Associates, Inc., She earns $807.70 gross weekly and $603.47 net disposable wage weekly. Other than Social Security, she has no other pension or deferred compensation.
The defendant has been a teacher and more recently an Administrator in the Stamford Public School system as Vice-Principal. He also gave private music lessons, played weekend gigs as a musician and worked odd jobs as a carpenter.
The defendant entered the State of Connecticut Teachers Retirement Plan in September, 1973 and has now accumulated 21 years, 7 months credit. The court notes that 4 years, 4 months accrued before the parties' marriage. At age 60 the defendant's affidavit states he will receive $2,400 monthly pension. CT Page 4021
It was also agreed that the plaintiff will be entitled to $1,060 monthly at age 62 and to $1,145 monthly at age 65 from Social Security (Defendant's Exhibit D). The defendant has no Social Security benefits.
The plaintiff had been employed in the same school system until 1985 when she left, receiving a lump sum of $10,685.25 (Defendant's Exhibits E and F) which was spent. The parties differ on how it was spent, but, since Chapter 7 bankruptcy occurred in 1996, neither party appears frugal.
The plaintiff developed breast cancer in 1981 resulting in a mastectomy in that year and requiring subsequent operations for implants. She has had no recurrence. She has other health complaints not of a disabling nature. The defendant is in general good health.
The parties own a house having no equity, and this court will not enter any orders regarding same. A foreclosure has started.
The defendant left the marital home in October, 1995 and shortly thereafter began living with another woman.
Although the plaintiff accused him of many infidelities, he acknowledged one. For her part the plaintiff developed an illegal drug addiction for which she received treatment in 1987.
The court concludes that this marriage eroded over time and finds both parties contributed to the irretrievable breakdown.
The principal issue is whether the defendant should share any part of his pension with the plaintiff. In light of the parties' ages this court cannot peer so far into the future in predicting what the parties' circumstances may be so many years in the future.
In lieu thereof the court will award the plaintiff the entire escrow fund of $15,000 to the plaintiff.
Having reviewed the evidence in light of the statutory criteria and applicable case law the court enters the following financial orders, the dissolution judgment having been entered on January 17, 1997.
1. The various items of personal property are awarded to each CT Page 4022 party pursuant to their agreement marked as Exhibit 4 and copy attached hereto.
2. The plaintiff is awarded the escrow fund now held by the plaintiff's attorney.
3. The defendant shall pay to the plaintiff, as periodic alimony, the sum of $175 weekly until either party's death, the plaintiff's remarriage, further court order, or April 1, 2001, the last limitation as to term being non-modifiable despite any change of circumstances. Scoville v. Scoville, 179 Conn. 277; Rau v. Rau, 37 Conn. App. 209.
4. The parties shall otherwise retain the assets each now owns or possesses.
5. Each party shall be solely responsible for liabilities as each may have incurred; the court notes that the parties received their respective discharges on August 6, 1996 (computer document (113) in file).
6. The plaintiff may resume either her former name or her birth name if she wishes by an appropriate restoration order in the judgment.
7. No counsel fees are awarded.
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.