[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO MODIFY ALIMONY
The defendant in the above matter is requesting that the court modify its order relating to alimony which was entered at the time the marriage was dissolved on June 20, 2000, claiming that there has been a substantial change in circumstances.
The original order concerning alimony is set forth in part as follows: CT Page 4207
"A. Defendant is ordered to pay plaintiff periodic alimony in the sum of $125 per week until the first to occur of the following events, i.e.
1. June 1, 2010, providing plaintiff at that time has commenced receiving the approximate amount of $1310 per month by way of defendant's Municipal Employee Retirement Fund.
2. July 25, 2020.
The court must first determine whether or not the above order precludes modification. This determination follows the dictates of Sec. 46b-86 (a) C.G.S. which states in part that "unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony xxxxx may at any time be xxxxxx modified by said court upon a showing of a substantial change in the circumstance of either party." Helpful comment on this statutory provision is found inRau v. Rau, 37 Conn. App. 209, 211 (1995), wherein it is stated that "this statutory provision suggests a legislative preference favoring the modification of orders for periodic alimony . . . [and requires that] the decree itself must preclude modification for this relief to be unavailable. Scoville v. Scoville, 179 Conn. 277, 279 (1979). If an order for periodic alimony is meant to be non-modifiable, the decree must contain language to that effect. Cummock v. Cummock, 180 Conn. 218,222-223 (1986). The intent to preclude modification must be crystal clear and unambiguous. The rigidity of this principle is illustrated inScoville (supra p. 280) where it was determined that an alimony order providing that "at the end of the three year period the payment order of alimony shall terminate" was ambiguous and hence modifiable.
Plaintiff in her brief remarks that "the doctrine of implicit non-modification had ebbed its way into American law" and stressed "the necessity of specifically pleading C.G.S. § 46-86 in the movant's motion to qualify for relief under a showing of a substantial change of circumstances." She cites as authority therefore the matters of Clark v.Clark, 23 Conn.L.Rptr. 10, 355 (1999), Milhavlak v. Milhavlak,30 Conn. App. 516, 520-521 (1993) and Kizka v. Kizka,23 Conn.L.Rptr. 13, 437 (1998) and "the necessity of specifically pleading C.G.S. §46b-86 in the movant's motion to qualify for relief under a showing of a substantial change of circumstances."
While it is true that the order of the court concerning alimony echoes in large part the proposal of the plaintiff on that subject, it is also clear from the transcript (T50-51) that the court was attempting to establish parity of income between the parties.
Of particular significance on the issue of alimony modification are the CT Page 4208 following remarks of plaintiff's counsel (T50 L21-27, T51 L1-5):
 At that point if he were to retire a year from now, Sharon would be 46 years old and have a job and draw a pension. Mr. Warren would be a year older. He would draw pension and he would also be in a position to go out and earn income from a job. It would seem the better way to hand it would be . . . it should be recomputed. You figure the recomputed if he retires, I can see where the judge would want to keep the parties in equitable so to speak in a comparable position as far as income is concerned.
Plaintiff's counsel's belief at that time that a change in the circumstances of the parties would warrant a recomputation of the alimony order accurately reflects the opinion of the court.
In applying the principles previously stated to the alimony provision at issue, it is found that there is an absence of any language prohibiting modifidation. This court may now determine whether or not there has been a substantial change in the circumstances of either party since the date of the present order, i.e. June 20, 2000.
An analysis of the financial affidavits of both parties now and on the date of the dissolution is helpful. At that time plaintiff had a weekly net income of $469 while defendant's weekly net including two credit union deductions was $782. With this information as background, in particular that defendant's net earnings were $311 more per week than those of the plaintiff, plaintiff requested and the court ordered defendant to pay $125 per week to plaintiff as alimony. Plaintiff at that time listed weekly expenses amounting to $800 while those of defendant were $902 per week.
At the present time the financial circumstances of the parties can be safely described as changed. Plaintiff's net weekly income from her employment, including a 401K contribution, is now $521, her weekly net from defendant's pension is $286 and her weekly alimony payment is $125, all three sources of income amounting to a total net weekly income of $1,043. Plaintiff's weekly expenses have now been reduced to $457.
Defendant's weekly net income is now $774, slightly less that it was two years ago. His weekly expenses now are $721. Further, defendant's alimony payments reduce his weekly net now to $649.
It is observed that, absent the weekly alimony order, plaintiff's net weekly income would amount to $807 while that of defendant would be CT Page 4209 $774. In brief, excluding the alimony order plaintiff would earn $33 net per week more than defendant while her weekly expenses would be $139 less.
This court determines that there has been a substantial change in the circumstances of the plaintiff, that there has been a substantial increase in her weekly income and a substantial decrease in her weekly expenses. At the same time both defendant's weekly income and his weekly expense have remained for the most part constant.
This court concludes that on the facts set forth above, defendant's request for modification should be granted. Being mindful of the provisions of Sec. 46b-82 C.G.S. and in particular of the length of the marriage of the parties and the responsibility of defendant for the breakdown of the marriage, as well as the inability of the court to divine the financial future of the parties, it is ordered that defendant now pay to plaintiff the sum of $1.00 per year as alimony. The term of said order remains as set forth in the original dissolution decree. Unless otherwise stipulated to by the parties, this order shall become effective as of the date of service of said motion upon plaintiff pursuant to Sec. 52-50 C.G.S.
John D. Brennan Judge Trial Referee