# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
April 7, 2003 Session

## CAROLYN MARIE LEASURE WHITE, ET AL. v. TIMOTHY WADE MOODY

### Direct Appeal from the Chancery Court for Robertson County
No. 14201     Carol Catalano, Chancellor

---

### No. M2002-01287-COA-R3-CV - Filed July 25, 2003

---

After the first appeal and remand in this case, the trial judge rendered another judgment based on her review of the record without hearing additional proof. While we do not find error, we find our mandate was not clear as to what proceedings we envisioned on remand. Accordingly, we clarify our mandate and remand the matter to the trial court to conduct a full hearing on the best interests of the child which would include the taking of additional proof relevant to this issue.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded

WILLIAM CHARLES LEE, Sp. J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Wende J. Rutherford, Nashville Tennessee, and Charlotte A. Fleming, Springfield Tennessee for Appellant, Timothy Wade Moody

Clark Lee Shaw and Frank Mondelli, Nashville, Tennessee for Appellees, Carolyn Marie Leasure White and Robert Wayne White

# MEMORANDUM OPINION[1]

This is the second trip for these parties to this court. Originally Carolyn Marie Leasure White and her husband, Robert Wayne White, the Appellees, sought to terminate the parental rights of Timothy Wade Moody, the Appellant, to his and Mrs. White's daughter, Nicole, d.o.b. 6/30/93. The original action also sought an order of adoption as to Mr. White. At the first trial the Trial Court found that Mr. Moody had abandoned his daughter and thereupon terminated his parental rights and granted the adoption. On appeal this court found the Trial Court erred in terminating the parental rights of Mr Moody without a specific finding by clear and convincing evidence that termination of parental rights is in the best interest of the child. We remanded to the trial court for further proceedings. See Carolyn Marie Leasure White, Et Al. v. Timothy Wade Moody, 2001 Tenn. App. LEXIS 369, No. M2000-01778-COA-R3-CV, (Tenn. Ct. App. filed at Nashville, May 18, 2001).

Thereafter, the trial court heard arguments of counsel but did not allow counsel for Mr. Moody to present any further evidence but made her ruling upon the record of the previous hearing and again entered an Order for Termination of Parental Rights and Adoption. Appellant appeals now this second order to this court .

In oral argument before this court each party urged the court to use this case as a vehicle to clarify the law and set fourth procedural guidelines for practitioners and trial courts in the area of the termination of parental rights. While some clarification may be needed and procedural bright lines are helpful, we wait for another day to address the issues raised by counsel.

Instead we address a very narrow point. We choose to view this case as one of interpreting the opinion and mandate of this court. In the remand to the trial court, this court "remanded for further proceedings not inconsistent with this opinion". Ibid.

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Admittedly this language is somewhat ambiguous as to what if any additional proof should be heard by the trial court.

An ambiguous judgment is to be construed to give effect to the intention of the court. 49 C.J.S. Judgments § 436. See also generally, Evans v. City of American Falls, 52 Idaho 7, 11 P.2d 363; Permaian Oil Co. v. Smith, 129 Tex. 413, 107 S.W.3d 564, 111 A.L.R. 1152; Scoville v. Scoville, 179 Conn. 277, 426 A.2d 271; Blecker v. Kofoed, 672 P.2d 526.

We believe it was the intent of this court in the remand to direct the court to conduct a full hearing on the best interests of the child which would include the taking of additional proof relevant to this issue. We do not fault the trial court in proceeding as it did as our mandate was unclear as to what "proceedings" were to be conducted.

We therefore vacate the judgment of the Trial Court and the cause is remanded to the trial court to conduct a full hearing to include the taking of any and all admissible evidence relevant to the issue of the best interests of the child up to and including the day of the hearing. Costs of appeal are adjudged one-half against Mr. and Mrs. White and one-half against Mr. Moody.

_____
                                        WILLIAM CHARLES LEE