Ray P. COOPER, Plaintiff-Appellee,

v.

Jo COOPER, Defendant-Appellant.

Mary Jo COOPER, Plaintiff-Appellant,

v.

Ray COOPER, Defendant-Appellee.

No. 52873.

Supreme Court of Iowa.

May 7, 1968.

B. V. Willie, Eagle Grove, for defendant-appellant.

Karr & Karr, Webster City, for plaintiff-appellee.

STUART, Justice.

In an opinion filed in July, 1966, appearing at 259 Iowa 277, 144 N.W.2d 146, we affirmed the Decree of Divorce granted by the trial court. The decree dated May 17, 1965 made a division of the property and provided for sale of the farm held in joint tenancy by the parties. It provided further:

"From the proceeds of sale, there shall first be deducted the costs and expenses, court costs in case number 16173 and 16214, mortgage indebtedness, unpaid attorney fees incurred on behalf of both plaintiff and defendant, the unpaid indebtedness owing by each party as shown by the evidence as of the date of this decree. (In the event of any dispute on these claims they are to be submitted to the court.) Any indebtedness incurred by reason of the farm operation is also to be paid. * * *"

On March 2, 1967 plaintiff-appellee filed an application for the allowance of certain debts, expenses and fees as deductions from the proceeds of the sale of the farm, which was resisted. After hearing, at which evidence in support of the application was received, the trial court allowed most of the claimed debts, expenses and fees.

Defendant appealed on the ground that the trial court had no authority under the decree as affirmed by our opinion to allow the items claimed in the application. She does not challenge the accuracy of the listed debts or the reasonableness of the fees and expenses. She does not claim they were not supported by the evidence introduced at the hearing.

I. The trial court allowed about $6000 in debts owed at the time of trial. They were established by evidence received at the hearing but were not supported by evidence in the trial transcript. Appellant argues "the only competent evidence is that shown by the court reporter's transcript of the proceeding and the exhibits properly introduced at the trial."

Appellant contends the trial court's decree, in clear and unambiguous language, precluded the parties from proving any debts other than those mentioned during the trial. She relies on that portion of the decree which provides: " * * * there shall first be deducted * * * the unpaid indebtedness owing by each party as shown by the evidence as of the date of the decree". We do not agree.

"A judgment is to be construed like other written instruments. The determinative factor is the intention of the court as gathered from all parts of the judgment. Effect must be given to that which is clearly implied as well as to that which is expressed." Whittier v. Whittier, 237 Iowa 655, 663, 23 N.W.2d 435, 440; Schnabel v. Vaughn, 258 Iowa 839, 845–846, 140 N.W.2d 168, 172; In re Roberts' Estate, 257 Iowa 1, 6, 131 N.W.2d 458, 461.

The construction urged by appellant is supported by the quoted provision, but an examination of other provisions of the decree convince us the trial court did not intend to foreclose parties from offering further evidence. Were the debts to be established only by the record then before the trial court, he could have made a determination at that time. There would have been no need to provide: "(In the event of any dispute on these claims they are to be submitted to the court.)"

The provision in the decree cannot be construed as narrowly as appellant contends. We believe the decree intended to limit deductible debts to those owing by the parties at the date of the decree but did not limit the evidence of those debts to that produced in the divorce trial. We find support for this construction in the action of the trial court. The same judge entered the Decree of Divorce and conducted the subsequent hearing. He did not consider the decree as preventing him from approving debts not mentioned therein.

"Construction of its own decree by the trial court must be given great weight in determining the intent of the trial court. Krick v. Krick, 76 Nev. 52, 348 P.2d 752." Palmi v. Palmi, 273 Minn. 97, 140 N.W.2d 77, 82.

In the concluding paragraph of our opinion we affirmed the case and remanded it "for such further action by the trial court as may be required to carry out the provisions of the decree and this opinion". The hearing challenged here was in accord with our opinion and did not violate the terms of the Divorce Decree.

II. The application contained a detailed statement supporting appellee's claim for fees and expenses due his attorneys. The individual items and the reasonableness of the charges are not in issue. The trial court allowed the expenses and awarded fees of $7500 including the $1250 allowed in the "Conclusion of Law" section of the trial court's ruling and Decree, which provided: "At the present time there are unpaid attorney fees for the attorneys on both sides and for lawyers who were retained in Reno. There are certain other unpaid obligations. Attorneys Karr & Karr should be allowed the sum of $1250 for their work during the trial. The balance of the fee of Willie & Willie in the sum of $1015 must be paid."

Appellant claims this provision coupled with the provision in the decretal portion: "there shall first be deducted * * * unpaid attorney fees incurred on behalf of both plaintiff and defendant" limit fees for appellee's attorneys to $1250. We cannot agree with her construction of this portion of the decree. His attorneys were allowed $1250 "for their work during the trial". The trial judge was in a position to make an award for this portion of their work without further evidence. He did not have information before him as to other work already performed. At that time he could not have known how much work would be required before final settlement. The decree recognized there were unpaid attorney fees, including those for Nevada attorneys, which were not covered by this $1250. This indicates the fees allowed for trial work were not intended to be all inclusive. There was no duplication of fees as the statement did not include charges for such trial work or work on the appeal. The trial court did not exceed his authority under the decree or our opinion by allowing additional fees and expenses.

III. On September 30, 1966, the trial court ruled on appellant's application for the allowance of debts, fees and expenses. He did not allow fees for appellant's Reno, Nevada attorney. She claims it was error for the trial court to deny fees for her Reno attorney and to allow them for appellee's attorney and the court's action in so doing amounted to a modification of the decree in excess of its jurisdiction and was void.

No appeal was taken from the Order of September 30, 1966. We dismissed a petition for writ of certiorari seeking to raise this point which was filed after the trial court ruled on the application involved here. We, therefore, do not have the September 30 ruling before us for review. We have no record and we will not speculate on the reasons for the trial court's ruling on that date. Our concern here is only with his ruling on appellee's application and whether fees could properly be allowed for appellee's Reno attorney under the decree. The decree specifically referred to fees for Reno attorneys. The trial court allowed them. He was within his authority under his decree in doing so.

The trial court is affirmed.

Affirmed.

All Justices concur.