**DAIRYLAND, INC., Appellee,**

v.

**Daryl L. JENISON and Marie Jenison, Appellants.**

**No. 55730.**

Supreme Court of Iowa.

May 23, 1973.

754

James P. Irish, Altoona, for appellants.

Dwight W. James, Des Moines, for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP and McCORMICK, JJ.

McCORMICK, Justice.

The narrow question in this case is whether trial court erred in interpreting its own prior injunctive decree enforcing a non-competition covenant by holding sale of an "imitation frozen dessert" was encompassed within the decretal prohibition against defendants' engaging in competition with plaintiff or selling "frozen or semi-frozen dairy products." We affirm.

As a result of litigation growing out of a covenant not to compete in a Dairy Queen franchise agreement, plaintiff Dairyland, Inc., was on April 10, 1972, awarded a decree enjoining defendants Daryl L. Jenison and Marie Jenison from "[d]irectly or indirectly engaging in any competitive business with the plaintiff or selling ice cream, ice milk or any other frozen or semi-frozen dairy products at the location of 1810 Beaver, Des Moines, Iowa or at any other location within a radius of 10 miles thereof for a period of three years from this date." The decree was not appealed.

It is undisputed that subsequent to entry of the decree defendants at the location involved sold a frozen dessert product made from "Quick Mix," a substance containing vegetable fat rather than dairy fat. Plaintiff cited them for contempt. They resisted on the basis sale of a product made from Quick Mix was not covered by the injunction because Quick Mix is not a "dairy product."

The evidence showed defendants advertised the sale of imitation frozen dessert and sold cones, malts, shakes, sundaes and parfaits made from Quick Mix. Milk was mixed with it in making shakes and malts. When a customer would order an ice cream cone he would receive an imitation frozen dessert cone. All these items were similar in their appearance, texture, and taste to Dairy Queen products sold by defendants under their franchise with plaintiff.

Trial court held the sale of imitation frozen dessert by defendants was prohibited by the decree. The court found the decree had been violated but not willfully, and defendants were exonerated of contempt.

A decree is susceptible of interpretation on the same basis as other written instruments. "The determinative factor is the intention of the court as gathered from all parts of the judgment. Effect must be given to that which is clearly implied as well as to that which is expressed." Whittier v. Whittier, 237 Iowa 655, 663, 23 N.W.2d 435, 440 (1946); see also Flynn v. Lucas County Memorial Hospital, 203

N.W.2d 613, 615 (Iowa 1973); Cooper v. Cooper, 158 N.W.2d 712, 713 (Iowa 1968).

We give weight to the fact the court was ascertaining its own intention. Cooper v. Cooper, *supra*, at 713–714. The circumstances under which the injunction was issued are also relevant to show its meaning. Cf. Hamilton v. Wosepka, 261 Iowa 299, 306, 154 N.W.2d 164, 168 (1967).

In common parlance we have no doubt, as virtually admitted by defendants, the public does not distinguish frozen dessert products on the basis whether they contain dairy fat or vegetable fat. However, whether the imitation frozen dessert sold by defendants was a proscribed "dairy product" is not determinative since the decree also prohibited defendants from directly or indirectly engaging in competition with plaintiff, and defendants' conduct clearly constituted such competition.

Trial court was right in giving its decree a reasonable rather than hypertechnical construction. The court was justified in finding defendants were engaging in competition with plaintiff in violation of the decree.

Affirmed.