**In re the MARRIAGE OF Clarissa Marie GIBSON and James Edward Gibson.**

**Upon the Petition of Clarissa Marie Gibson, Appellant, and concerning James Edward Gibson, Appellee.**

No. 66929.

Supreme Court of Iowa.

June 16, 1982.

Rehearing Denied July 15, 1982.

Robert D. Hall, Ankeny, for appellant.

Timothy Pearson, Des Moines, for appellee.

Considered by REYNOLDSON, C. J., and HARRIS, ALLBEE, McGIVERIN, and SCHULTZ, JJ.

HARRIS, Justice.

This appeal turns on the meaning of the term "cohabitation" as it appears in a dissolution of marriage decree. We frequently see dissolution decrees in which the parties' residence, or a right to occupy it, is awarded to one party with a reservation or lien in the other. The reservations take many forms. Often enjoyment of the property is terminated on certain named occurrences. The decree here, after awarding the residence to petitioner, provided:

> Respondent shall have a lien upon the above described premises in the amount of $16,000 which shall mature and be payable six months after remarriage of the petitioner, or one year following termination of child support payments as hereinabove provided, the sale of said premises, or cohabitation by petitioner with an unrelated male . . . .

The trial court held that petitioner was cohabiting in the residence with her boyfriend. We disagree.

The facts are largely undisputed. Petitioner has a boyfriend who stays in the residence in question overnight at least four times a week, usually Tuesday, Thursday,

Friday and Saturday. He often, though certainly not always, eats there. While at the residence he enjoys the use of its utilities. Though he occasionally brings clothes into the residence he does not keep them there. The boyfriend does not come and go at will. The boyfriend has no key and is there only when petitioner is. The house is occupied permanently by petitioner and the daughter of the parties.

Petitioner's boyfriend has another residence which he rents by the month where he keeps his clothing and furniture. He there maintains his own telephone. He treats it as his residence. His business card, bank accounts, drivers license, and voter registration card list his own apartment address and phone number. He receives his mail there.

It is important, more so than usual, to keep in mind the limited scope of the question. We are not concerned with the appropriateness of the provision; it was unchallenged. We are merely to determine its meaning. It would doubtless be of value to the bench and bar if we could fix a precise meaning of the term "cohabitation" to apply, not only to this, but to all similar decrees. Unfortunately the meaning can have no such general application. That meaning is to be derived by seeking out the intent of the trial court when the decree was entered. *Peters v. Peters*, 214 N.W.2d 151, 157 (Iowa 1974).

■ The interpretation by the trial court here lacks an advantage which sometimes occurs. The interpretation was made by a different judge from the one who entered the dissolution decree. It is hence not entitled to the great weight we would accord an interpretation of a decree by the judge who entered it. *Peters*, 214 N.W.2d at 157; *Dairyland, Inc. v. Jenison*, 207 N.W.2d 753, 755 (Iowa 1973); *Cooper v. Cooper*, 158 N.W.2d 712, 713–14 (Iowa 1968).

The dissolution decree here did not result from a stipulation of the parties (which might have shed some light on the intended meaning of the provision) but was rather the original trial court's own provision. It is interesting to note that the respondent submitted a proposed dissolution decree which included a somewhat converse proposal. He proposed he be awarded custody of the children and given the residence property. The proposed decree likewise reserved a lien, though in favor of petitioner. The corresponding wording in the provision for the occurrences which would mature the lien provided "at the time respondent resides with an adult female other than members of the immediate family . . . ." It is apparent that the word "cohabitation," rather than the word "resides," was deliberately selected by the trial court.

No evidence was offered here of the original trial court's intent. Neither was any evidence offered of the parties' intent at that time, although petitioner did testify of her own understanding: "I notified my attorney of [a] letter. I told him I did not deny that [my boyfriend] has stayed at my house. I deny that it means I am cohabiting because the man does not live with me or support me."

Because there is no direct evidence of the original trial court's intent we must interpret the term as we would in any other written instrument. *Peters*, 214 N.W.2d at 157. Cases from other jurisdictions vary greatly in usefulness because they often interpret criminal and domestic statutes with factors not necessarily involved here.

Turning to the dictionary meaning of the term, a sexual relationship is a usual part of the definition. Black's Law Dictionary 326 (Rev. 4th ed. 1968) ("COHABIT OR COHABITATION. Dwelling together [Authorities.], intercourse together as husband and wife [Authority.], living or abiding or residing together as man and wife [Authorities.].") The term is sometimes taken to merely mean that persons live together. Webster's New World Dictionary of the American Language 276 (2nd ed. 1978). The word cohabitation is derived from the Latin *cohabitatio* (dwelling house). Webster's New International Dictionary 520 (3rd ed. 1964).

■ We take it from the ordinary meaning of the term, and gather from the obvi-

ous thrust of the dissolution decree, that a sexual relationship was a part of the intended definition. Cohabitation, in order to mature the lien, was to be with a person of the opposite sex. On the other hand the sexual relationship was only a part of the intended definition, not the whole of it. Another ingredient was dwelling, the facet of residing or living in the residence. The term cohabitation, then, as used here had two ingredients. First, the "unrelated male" was to live or reside in the dwelling. Second, the petitioner and the unrelated male were to live together in the manner of husband and wife. There was ample showing of the second ingredient but not of the first.

The time petitioner's boyfriend spent in the dwelling was extensive, easily sufficient to qualify as residence if time alone controlled. But the time was not spent as a resident. He maintained a separate residence and shared none of the expenses of this one. He did not even have a key or the freedom to enter it except when petitioner was present. In simple terms he did not live there. The trial court erred in finding petitioner cohabited with a nonrelated male under the dissolution decree.

REVERSED.

All Justices concur except McGIVERIN, J., who dissents.

McGIVERIN, Justice (dissenting).

I must respectfully dissent from the result reached by the majority.

The following definition of cohabitation for the purposes of the Gibsons' decree of dissolution appears to be used by the majority: a sexual relationship plus "living or abiding or residing" by the paramour in the homestead. The majority finds the existence of a sexual relationship. I agree with this finding.

However, the majority does not find the second prong of its cohabitation definition. I believe this is due to an over-emphasis by the majority on "residence" as opposed to "living" or "abiding." While the boyfriend maintained a residence elsewhere, he spent at least a majority of his evenings, nights and mornings under petitioner's roof. The definition of abide includes: "to be or remain stable or fixed in some state or constant in some relationship; to continue in a place." *Webster's Third New International Dictionary* at 5 (1971). The definition of live includes: "to occupy a home." *Id.* at 1323. I find the boyfriend is abiding and living in petitioner's homestead.

The fact that the boyfriend is conducting his meretricious relationship on a cost-free basis to him should not prevent a finding of cohabitation in this case. I believe the finding by the majority frustrates the intent and design of the dissolution decree provision which is in question here.

I would affirm the district court.